People v Demian H. (2026 NY Slip Op 50074(U))

[*1]

People v Demian H.

2026 NY Slip Op 50074(U)

Decided on January 21, 2026

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 21, 2026
Youth Part, Erie County

The People of the State of New York

againstDemian H., AO.

Docket No. FYC-74355-25/001

Kurt Snuszka, Esq. (Assistant District Attorney)Matthew Swerdlin, Esq. (for Principal Demian H.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Kurt Snuszka, Esq. (Assistant District Attorney), dated January 5, 2026; responsive papers dated January 12, 2026 having been filed by Matthew Swerdlin, Esq. on behalf of AO Demian H. ("AO D.H."); the ADA having reserved the right to a hearing on the facts alleged in support of the People's Motion; and due deliberation having been had, the Court finds the following:
Procedural HistoryAO D.H. was charged under FYC-74355-25/001 with Criminal Possession of Stolen Property in the Third Degree, a class D felony contrary to Penal Law § 165.50; one count of Unauthorized Use of a Vehicle in the Third Degree, a class A misdemeanor contrary to Penal Law § 165.05(1); and one count of Criminal Possession of a Weapon in the Second Degree, a Class C felony contrary to Penal Law § 265.03(3).
On December 7, 2025, AO D.H. was arraigned by Accessible Magistrate Town, who remanded him and scheduled an appearance with this Court the next morning.
On December 8, 2025, this Court arraigned AO D.H., and this Court remanded AO D.H., [*2]setting bail at $25,000.00 A, B, $50,000.00 E @ 10%. Further, the Court indicated that if AO D.H. posted bail, he would be released under RUS with specific conditions imposed.
On December 12, 2025, the People conceded the six-day reading and defense counsel waived the felony hearing. The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. A scheduling order was placed on the record for the extraordinary circumstances motion. After a mutual time waiver by both counsel, a Decision on Motion was scheduled for January 21, 2026 and later adjourned to January 23, 2026.
On January 15, 2026, Indictment Number 70126-26/003 was filed on the underlying Felony Youth Complaints at issue here. The Indictment contains four counts: Criminal Possession of Stolen Property in the Third Degree, a class D felony contrary to Penal Law § 165.50; Unauthorized Use of a Vehicle in the Second Degree, in violation of Penal Law § 165.06; Unauthorized Use of a Vehicle in the Third Degree, in violation of Penal Law § 165.05(1); and Criminal Possession of a Weapon in the Second Degree, in violation of Penal Law § 265.03(3). Counsel was given the opportunity to file additional written submissions but declined.

Findings of Fact
It is alleged that on or about December 6, 2025, at approximately 8:10 p.m., Buffalo Police dispatch received a 911 call stating that "shots (were) fired" and "a vehicle struck a house" on or around the two hundred block of L Avenue, Buffalo. Poll camera recordings show three vehicles, driven by unknown suspects, box in and then confront the occupants of a gray Toyota Camry. The Toyota Camry fled. Gunfire was exchanged between the Camry and at least two of the unknown suspects. Officers responding to the scene observed that the Camry had crashed into the front yard of 237 L Avenue. The vehicle was abandoned and heavily damaged. Residential video evidence shows multiple suspects fleeing from the crashed vehicle. AO D.H. was recorded exiting the rear window of the stolen vehicle with a handgun in his right hand. Officers canvassed the scene and nearby yards and discovered AO D.H. and two co-defendants hiding. The three youths matched the description from the residential video footage. Officers recovered a 9MM Tauras Armas G 3C firearm from the defendants' flightpath. The handgun was loaded with one round in the chamber and one round in the magazine. A fire cartridge casing was recovered from the rear seat of the stolen vehicle. There were several bullet holes in both sides of the vehicle.
It was later determined that the damaged Toyota Camry was a stolen vehicle. The vehicle owner filed a report on October 31, 2025, indicating that her vehicle had been stolen out of her driveway, and she did not give anyone permission to use, operate, or control said vehicle. 
AO D.H. has one prior Youth Part case. There, it was alleged that on June 23, 2025, he committed Grand Larceny, 3rd degree, Grand Larceny, 4th degree, and Unauthorized Use of a Vehicle, 3rd degree. The matter was removed to Family Court on October 3, 2025. According to a Probation Notification dated December 30, 2025, a Violation of Probation was filed in Family Court against AO D.H. after this arrest. The People also allege that AO D.H. had police contact on the following dates: September 9, 2022, November 21, 2024, and May 4, 2025.

Conclusions of Law
The Raise the Age Law defines a 16-year-old or 17-year-old person who was charged with a felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3] [a]). Following arraignment, the Youth Part shall order the removal of an Adolescent Offender matter [*3]to Family Court unless, within thirty calendar days of arraignment, the prosecutor moves to prevent the removal of the action to Family Court and establishes that extraordinary circumstances exist. CPL § 722.23(1)(a), (d).
The term "extraordinary circumstances" is not defined in the Raise the Age Law. People v. Guerrero, 235 AD3d 1276, 1276 (4th Dept., 2025). "The legislative history for CPL § 722.23 reveals that, in making an extraordinary circumstances determination, courts should 'look at all the circumstances of the case, as well as ... all of the circumstances of the young person,' including both mitigating and aggravating factors." NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39; see id. at 40, 65); see also, People v. Guerrero, supra. The legislative history further provides that "the People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court.'" See, People v T.P., 73 Misc 3d 1215(A) (Nassau County Ct 2021).
The People argue that this matter should not be transferred to Family Court. They believe that AO D.H.'s actions were especially heinous. Circumstantial evidence shows that while riding in a stolen vehicle, AO D.H. indiscriminately fired a handgun within a dense urban community. They also argue that AO D.H. has been afforded the opportunity to benefit from various services provided by Family Court, and yet, he has made no appreciable positive response and continues to engage in escalating criminal behavior.
AO D.H. presented several mitigating circumstances. Taking the facts in the light most favorable to the People, AO D.H. was a backseat passenger of a stolen vehicle. Three other vehicles, driven by unknown suspects, boxed in AO D.H.'s vehicle and confronted the occupants of his vehicle. AO D.H.'s vehicle fled, and gunfire was exchanged. AO D.H. argues that if he fired a gun, he would have been using the gun to defend himself after other unknown gunmen attempted to trap his car in with theirs and kill him and the other occupants of his vehicle. Moreover, the results of DNA testing on the recovered firearm have not been returned. 
Despite the circumstantial evidence of AO D.H. firing a gun, he is charged with mere possession of a weapon. AO D.H.'s actions do not rise to the level of "especially heinous." AO D.H. was not alleged to be the leader of criminal activity. He did not commit a series of crimes over a series of days. Additionally, he is not alleged to have brandished or used the firearm in furtherance of any crimes.
The People have not met their burden to prevent removal of this action to Family Court. Under the totality of the circumstances, considering the mitigating factors and the finding of substantially aggravating factors, this Court finds that extraordinary circumstances do not exist to warrant this case remain in the Youth Part. Accordingly, this case shall be removed to Family Court.
This constitutes the opinion, decision, and order of this Court.
SO ORDERED.ENTER,HON. BRENDA M. FREEDMAN